[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD, DEFENDANT'S OPPOSITION THERETO, PLAINTIFF'S MOTION FOR STAY, AND DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD
On July 1, 1987 the plaintiff, City of New Britain, and the defendant, Local 1186, AFSCME, Council 4, AFL-CIO (hereinafter "union") entered into a collective bargaining agreement containing a written agreement to arbitrate their grievances. Subsequently, a grievance was filed by the union with the Connecticut State Board of Mediation and Arbitration on behalf of union member David Norbut. The grievance alleged that David Norbut had been discharged from his employment with the City without just cause.
At the hearing the parties were unable to agree upon the framing of the issue to be decided by the arbitration panel. Thus, the panel chose the issue submitted by the City. The issue to be decided, as framed by the City, was as follows: "Was David Norbut discharged for just cause? If not, what shall be the remedy." After hearing, the arbitrators found that the discharge was not for just cause and directed the City to reinstate Mr. Norbut.
The City seeks to vacate the arbitration award, claiming that the Board violated General Statutes section52-418(a)(4) in a number of ways.
Specifically, the City claims that the arbitration panel exceeded its authority by ordering reinstatement of the employee who was discharged. The court disagrees. The court has studied the collective bargaining agreement as well as the issue presented to the arbitrators. The issue as framed by the City specifically asked the panel what the remedy should be. There is nothing in the collective bargaining agreement which prohibits the reinstatement of an employee if he has been discharged without just cause.
The City further argues that the arbitrators exceeded their authority when they ruled on the constitutionality of the state's drunk driving suspension law. The court does not believe that the arbitrators ruled on the suspension laws. They merely found that the grievant's discharge was too severe a penalty under the circumstances and that he should be given a demotion under Article V of the collective bargaining agreement.
The plaintiff's application to vacate the arbitration award is denied, the defendant's opposition thereto is sustained, the plaintiff's motion for stay of enforcement of arbitration CT Page 3496 award is denied and the arbitration award is confirmed.
FRANCES ALLEN SENIOR JUDGE.